ABY THOMPSON, ADM'R, v. ROBT. A. RUTHERFORD.

(No. 3061.)

EVIDENCE.— Error in admission in evidence of certified copies of written documents is rendered immaterial by the introduction of the original documents themselves.

CASE STATED.— The original documents offered in evidence were over thirty years old at that time, came from proper custody unclouded by suspicious circumstances, and it was shown that possession of the land had been taken and held under the location made by virtue of these instruments. *Held*, no additional evidence was necessary and they were admissible as ancient documents.

APPEAL from Travis county.   Opinion by WATTS, J.

STATEMENT.— As the original certificate issued to Applegate and his transfer thereof to Crockeron were properly admitted as evidence, any error committed by the court in admitting the certified copies from the general land office of these instruments became immaterial.   These original papers were more than thirty years old at the time the suit was brought and the trial had.   They came from the proper custody; no circumstances of suspicion appear to have attended them, and it is shown that possession of the land has been taken and held under the location made by virtue of these instruments.   No additional evidence of their execution was necessary; they were admissible as ancient instruments.

Appellant's objections to the field-notes of this survey, as returned to the general land office, are not supported by the record.

These field-notes are authenticated by the official certificate of the surveyor and are indorsed as recorded in his office.

With respect to the three thousand acres of land claimed by appellee under this location, it clearly and unmistakably appears from the record that the three years' limitation had interposed an effectual bar to any recovery of the land

by T. J. Chambers long prior to the date of his death. Appellee shows title in himself to the four hundred acres of the Brook survey by regular chain of transfers from the sovereignty of the soil, and that actual possession of the land was taken under that title as early as the summer of 1857, and that such possession has been continuous since that time. Hence appellee had secured title to the land by the three years' limitation before the statute of limitations was suspended by the civil war.

The decree of partition in the suit of Wm. R. Redding against the surviving wife, heirs at law and legatees of Robt. L. Redding, deceased, divested all right and title to the five hundred acres of land out of the Redding survey out of these heirs and legatees and vested the same in W. R. Redding. This decree of itself constituted sufficient evidence of title in Wm. R. Redding, and it was not necessary for appellee in making out his chain of transfers from the state to adduce other evidence as to this particular link.

Article 1481, Paschal's Digest, provides that " in all cases where the district or supreme court shall decree a conveyance of real estate or the delivery of movable property or effects, they may, by decree, pass the title of such property without any act to be done on the part of defendant, when it shall be proper."

OPINION.— It will be noticed that the decree under consideration by its terms purports to pass the title of the five hundred acres of land from these heirs and legatees to Wm. R. Redding, and that the decree was fully warranted by the above-quoted section of the statute. Appellants do not pretend that the evidence of possession by appellee, of this five hundred acres of land, was not ample to sustain the plea of three years' limitation. The record shows that the limitation had interposed an effectual bar in behalf of the appellee prior to the 1st day of January, 1861. In deraigning title to the other tract of four hundred acres of the Redding survey, appellee shows title in himself to a five-

sixths undivided interest in the same; the other one-sixth appears to be in one of the legatees.

To this chain of title it is objected that the evidence disclose the fact that the land was the common property of Robt. L. Redding and his wife, and that therefore he could only vest title in one-half of the land in his other legatees. This proposition is not maintainable. By his will special bequests were made to the wife, and the remainder of the property, including that in controversy, was bequeathed to their children. From the record it may be presumed that Mrs. Redding had elected to and did take under the will; for it does not appear that she ever interposed any objection to it, and the appellants are not in a position to do so for her at this late date.

Clearly appellee had held and occupied this land for the legatees (who claimed the same under a regular chain of title) for more than three years prior to the 1st of January, 1861; and that he had continued to hold and occupy the same since his purchase from the five legatees. This vested in him the superior title to the five-sixths undivided interest by limitation, and established a paramount outstanding title in his co-tenant, the other legatee, for the remaining one-sixth interest. In any event the appellant could not recover the land, for the reasons heretofore given; therefore the other errors assigned could not affect the result, and will not be considered.

AFFIRMED.